UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUIS SONIER                                          CIVIL ACTION

VERSUS                                                NO: 16-17289

WINN-DIXIE MONTGOMERY, LLC, ET AL.                    SECTION: A (2)

## ORDER

Before the Court is a **Motion to Remand to State Court** (Rec. Doc. 8) filed by Plaintiff. Defendant Winn-Dixie Montgomery, LLC ("Winn-Dixie") opposes the Motion. (Rec. Doc. 12). The Motion, set for submission on March 22, 2017 is before the Court on the briefs without oral argument.

**I.     Background**

This matter arises out of an injury that Plaintiff sustained in the bathroom of one of Winn-Dixie's stores on July 7, 2016. (Rec. Doc. 1-1). Plaintiff was visiting Winn-Dixie's store when he attempted to use the handicapped bathroom stall. (Rec. Doc. 1-1). Because Plaintiff is handicapped, he was using a scooter provided by Winn-Dixie to move about Winn-Dixie's store. (Rec. Doc. 1-1). Plaintiff's scooter would not fit in the store's handicapped bathroom stall, so Plaintiff stood up to walk to the stall. Plaintiff then fell and injured himself. His injuries allegedly include a fracture to his left hip, fracture to his wrist, and permanent disability. (Rec. Doc. 1-1).

In November, 2016, Plaintiff filed his lawsuit against Winn-Dixie in the Civil District Court for the Parish of Orleans. (Rec. Doc. 1-1). Plaintiff seeks damages against Winn-Dixie under the Americans with Disabilities Act ("ADA") and Louisiana Revised Statues 40:1732, for Winn-Dixie's alleged failure to produce a handicapped scooter that would fit in the handicapped bathroom stall, failure to make the handicapped bathroom stall readily accessible to persons with disabilities, and other acts of negligence that may be proven upon trial. Winn-Dixie removed the

1

matter to this Court on December 12, 2016. Plaintiff now seeks remand of this matter back to state court.

## II. Analysis

Plaintiff seeks remand of this matter, arguing that diversity jurisdiction has been defeated after Plaintiff amended his complaint to include Winn-Dixie H &L Construction and Renovation, Inc., a Louisiana corporation. Winn-Dixie maintains that irrespective of Plaintiff's addition of a non-diverse defendant, this Court has jurisdiction because Plaintiff's claims invoke federal law under the ADA. In his reply, Plaintiff maintains that his petition refers to the ADA merely as adopted by Louisiana law.

Federal question jurisdiction is governed by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's amended complaint states that Winn Dixie Montgomery, LLC and H &L Construction Company caused his injuries by:

> a) Failing to provide a handicapped scooter that would fit into the handicapped bathroom stall in violation of the Americans with Disabilities Act and LA. R.S.40:1732 et seq;
> b) Failing to make the handicapped bathroom stall readily accessible to and usable by persons with disabilities in violation of the American with Disabilities Act and LA. R.S. 40:1732 et seq; and
> c) Such other acts of negligence as may be proven upon the trial of this matter.

The Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff bases his claims on alleged violations of federal law. The United States Court of Appeals for the Fifth Circuit has held that when a plaintiff's "petition contained a federal claim for violation of the American with Disabilities Act … the district court had subject matter jurisdiction." *Clewis v. Medco Health Solutions, Inc.*, 578 Fed.Appx. 469, 471 (5th Circ. 2014)

(See also *Zamora v. GC Services, L.P.*, 647 Fed. Appx. 330, 331 (5th Cir. 2016) ("The district court had jurisdiction over [Plaintiff's] federal ADA claims under 28 U.S.C. § 1331.")). In both his original and amended complaint, Plaintiff alleges that Winn-Dixie violated "the Americans with Disabilities Act **and** LA. R.S.40:1732 et seq." (Rec. Doc. 1-1) (Rec. Doc. 10) (emphasis added). Plaintiff's contention that his complaint only alleges violation of Louisiana state law is unpersuasive because he specifically asserts violation of the ADA. Because Plaintiff's claims invoke federal law under the ADA, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Accordingly,

**IT IS ORDERED** that the **Motion to Remand to State Court** (Rec. Doc. 8) filed by Plaintiff is **DENIED**.

New Orleans, Louisiana this 21st day of April, 2017.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE