UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS SONIER | CIVIL ACTION |
| VERSUS | NO. 16-17289 |
| WINN-DIXIE MONTGOMERY, LLC | SECTION A(2) |

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 53)** filed by Defendant Winn-Dixie Montgomery, LLC ("Winn-Dixie"). Plaintiff Louis Sonier ("Sonier") opposes this motion (Rec. Doc. 65) and Defendant has replied. (Rec. Doc. 80). The motion, set for submission on January 10, 2018, is before the Court on the briefs without oral argument.

Also before the Court is a **Motion to Adopt Winn-Dixie's Motion for Summary Judgment with Respect to the ADA Claims (Rec. Doc. 55)** filed by H & L Construction and Renovation, Inc. ("H & L"). The Court has previously **GRANTED** H & L's Motion to Adopt. (Rec. Doc. 87). Thus, H & L adopts Winn-Dixie's Motion for Summary Judgment and memorandum (Rec. Doc. 53) regarding the ADA allegations that Plaintiff also asserted against H & L.

This matter is set to be tried to a jury beginning on March 12, 2018. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Winn-Dixie's motion should be **GRANTED** for the reasons set forth below.

## I. Factual Background

According to his complaint, on July 7, 2016, Plaintiff Louis Sonier visited the Winn-Dixie grocery store located at 5400 Tchoupitoulas Street in New Orleans, Louisiana. (Rec. Doc. 1-1, p. 1, ¶ III). Because he is handicapped, Sonier required use of the store's motorized handicapped scooter. Once seated upon the scooter, Sonier proceeded to the men's restroom. Sonier alleges that he entered the men's restroom while still on the scooter and attempted to drive the scooter into the handicapped stall. However, Sonier's complaint contends the scooter would not fit through the stall's doorway, forcing him to stand up and walk into the stall without the assistance of the scooter. Thereafter, Sonier alleges to have lost his balance and fallen. This accident caused Sonier personal injuries and damages, specifically, a fractured left hip necessitating a hip replacement, a fractured left wrist, and permanent disability requiring care. *Id.* at p. 2, ¶ V. Sonier seeks damages for (1) past, present, and future medical expenses, including custodial care, (2) pain and suffering, (3) emotional stress and strain, (4) loss of enjoyment of life, and (5) permanent residual disability. *Id.* at ¶ VI.

On the other hand, Winn-Dixie contends to have uncovered evidence that wholly undermines Sonier's allegations. To begin, Winn-Dixie notes that on October 8, 2015—approximately nine months before the alleged incident—BI-LO, LLC, a parent company of Winn-Dixie, entered into a contract with H & L Construction to renovate the restroom at Winn-Dixie's Tchoupitoulas location—*i.e.*, the men's restroom at issue in the instant matter. (Rec. Doc. 53-1, p. 2). Winn-Dixie points out that one of the primary project goals was to make the restroom ADA compliant. *Id.* H & L completed the work in December of 2015—approximately eight months before Sonier's alleged accident. Winn-Dixie notes the work performed by H & L did not involve

any structural changes to the restroom, but rather consisted of replacing existing partitions and some of the restroom fixtures. *Id.*

In rebutting Sonier's account of the incident, Winn-Dixie highlights several statements Sonier made during a deposition conducted by Winn-Dixie on September 15, 2017. (Rec. Doc. 53-9, p. 1). Winn-Dixie first points out that Sonier admitted to visiting the Winn-Dixie store at issue approximately once a month for the last five or six years. *Id.* at p. 13. Moreover, Sonier admitted to using Winn-Dixie's motorized scooters each time he made a visit to Winn-Dixie's Tchoupitoulas store. *Id.* Contrary to the allegations provided in his complaint, Sonier admits to driving the scooter into the handicapped restroom. *Id.* at p. 16. In particular, Sonier provided the following notable answers to Winn-Dixie's questions during the deposition:

> Q: Okay. Mr. Sonier, my question is: Did you drive the scooter through the door into the bathroom?
> A: I just said yes.
> Q: Okay. So the scooter was actually inside the bathroom?
> A: Yeah. I never get out of the scooter or off of the scooter until I make an attempt to get on the commode.
> . . .
> Q: Can you—can you give me some understanding of where—how far away were you from the stall when you stopped the scooter?
> A: I was in the stall.
> . . .
> Q: You were able to drive the scooter all the way to the stall?
> A: Into the stall.
> . . .
> Q: Okay. So you got the scooter all the way into the stall?
> A: Correct.
> Q: Okay. Then what happened?
> A: I attempted to get off of the scooter and that's when I fell.

*Id.*

Winn-Dixie argues that Sonier's own statements show that the accident, in fact, had nothing to do with the restroom being handicap accessible. Additionally, Winn-Dixie's questioning of Sonier brought to light allegations contrary to those provided in Sonier's complaint.

Specifically, Sonier maintains that he fell in the restroom stall, but rather than being caused by handicap accessibility problems, the fall was caused by a 2 x 4 left near the commode within the stall. *Id.* at p. 17. Sonier explained that while attempting to transfer himself from his scooter to the commode, he fell due to the 2 x 4 being in between him and the commode. *Id.* However, Sonier goes on to state that immediately after his fall a construction worker reached through the restroom wall to remove the alleged 2 x 4. (Rec. Doc. 53-9, pp. 16–18).

In his opposition to Winn-Dixie's motion, Sonier submits his own signed affidavit, signed on December 27, 2017, which purports that his fall might have been caused by the wooden handle of a toilet plunger rather than the prior-alleged 2 x 4. (Rec. Doc. 65-8). Attached to the affidavit is a photograph of the restroom subject to this litigation. *Id.* at p. 2. The photograph shows a toilet plunger with a wooden handle lying on the restroom floor behind the commode. *Id.* Sonier states the following in his affidavit:

1) The attached photograph of the Winn-Dixie bathroom stall where I fell on July 7, 2016 accurately shows a toilet plunger on the floor which has a wooden handle.
2) I recall that on July 7, 2016, an item such as this made of wood obstructed my path and caused me to fall in the bathroom stall of Winn-Dixie.
3) Having only been provided with this photograph today, I was previously unable to recall exactly what the wooden item obstructing my path was due to the extreme pain that I experienced during the fall.

*Id.* at p. 1.

The Court will delve further into the allegations and exhibits presented by each party in the sections below. However, at this time, the Court notes the significant disconnect between the allegations contained in Sonier's complaint, the testimony given by Sonier via depositions, and the subsequent affidavit signed by Sonier on December 27, 2017.[1]

---

[1] The Court notes that Sonier's affidavit was signed on December 27, 2017. Winn-Dixie's Motion for Summary Judgment was filed five days before on December 22, 2017. The Court will also expound upon this detail in the sections below.

## II. Procedural Background

Sonier's complaint was initially filed in Civil District Court for the Parish of Orleans on November 3, 2016 before Winn-Dixie removed the matter to this Court on December 13, 2016. (Rec. Doc. 1). In his complaint, Sonier alleges Winn-Dixie violated the Americans with Disabilities Act ("ADA") and La. R.S. 40:1732 *et seq.*, Louisiana's version of the ADA, for failing to provide a handicapped scooter that would fit into the handicapped restroom stall and for failing to make the handicapped stall readily accessible and usable by persons with disabilities. (Rec. Doc. 1-1, p. 2, ¶ IV). In addition to the ADA violations, Sonier also alleges that the sole and proximate cause of his accident was "such other acts of negligence as may be proven upon the trial of this matter." *Id.*

On March 6, 2017, Sonier filed an amended complaint naming H & L as an additional defendant and bringing identical claims of ADA violations against H & L. (Rec. Doc. 10). Thereafter, Sonier dismissed H & L from this lawsuit without prejudice on December 11, 2017.[2] (Rec. Doc. 45). Sonier submitted a Motion for Remand to state court on March 22, 2017 (Rec. Doc. 8), which the Court denied on April 4, 2017. (Rec. Doc. 17). Thereafter, on June 15, 2017, Winn-Dixie brought a cross-claim against H & L seeking to enforce an agreement that would require H & L to defend and indemnify Winn-Dixie for the claims made by Sonier against Winn-Dixie. (Rec. Doc. 29). On the same date, Winn-Dixie filed a third party complaint against Scottsdale Insurance Company ("Scottsdale") alleging that Scottsdale is obligated to defend and indemnify Winn-Dixie pursuant to an agreement in which H & L obtained a policy of liability insurance with Scottsdale. (Rec. Doc. 28, p. 2, ¶ 2).

---

[2] The Court notes that H & L has been dismissed *without* prejudice by Sonier. (Rec. Doc. 45). However, H & L currently seeks that this Motion for Summary Judgment be granted as to dismiss Sonier's claims against H & L *with* prejudice.

A multitude of motions have been filed in conjunction with Winn-Dixie's cross-claim against H & L and Winn-Dixie's third party complaint against Scottsdale. However, the instant motion concerns only Sonier's claims against Winn-Dixie and H & L (hereinafter collectively referred to as "Defendants").

### III. Legal Standard

Defendants seek summary judgment in their favor, dismissing Sonier's ADA claims, for the following reasons: (1) Sonier does not have any evidence or expert report that the restroom at issue did not comply with the ADA or La. R.S. 40:1732 *et seq.*; (2) Sonier does not have any evidence or expert report that the restroom stall at issue did not comply with the ADA or La. R.S. 40:1732 *et seq.*; (3) Sonier does not have any evidence or expert report that the handicapped scooter at issue did not comply with the ADA or La. R.S. 40:1732 *et seq.*; and (4) Sonier has no evidence that any alleged violation of the ADA or La. R.S. 40:1732 *et seq.*, is a cause in fact of this accident. (Rec. Doc. 53-1, p. 1). Defendants also argue that the Court should not read Sonier's complaint in an expansive manner to include a negligence claim for leaving a wooden item on the floor of the Winn-Dixie men's restroom. However, if the Court would construe the pleadings in such a way, Defendants contend that Louisiana's Merchant Statute protects Defendants from any claim of negligence for leaving an item on the floor of the men's restroom. Defendants argue that under the law, Sonier has failed to meet his burden of proof showing Winn-Dixie had "notice of the condition." La. R.S. 9:2800.6(B)(2).

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Inc. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255).

Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)). Additionally, if the nonmoving party would bear the burden of proof for the dispositive issue at trial, then the moving party can satisfy its burden by proving that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *Celotex*, 477 U.S. at 325. Once the mover satisfies this burden, the adverse party cannot rely on argument or unsubstantiated assertions, but must produce evidence demonstrating an issue for trial. *Weathersby v. Saks Fifth Avenue*, No. 97–1688, 1991 WL 148441, at *1 (E.D. La. 1999) (citing *Herrera v. Millsap*, 862 F.2d 1157, 1160 (5th Cir. 1989)).

**IV.**  **Law and Analysis**

The Court will address the parties' arguments in two segments. The first being Defendants' argument that Sonier's claims for ADA violations should be dismissed at this summary judgment stage. Secondly, the Court considers whether to interpret Sonier's complaint in an expansive manner as to allow the allegation of negligence as a theory of recovery. Winn-Dixie contends that

7

Sonier should be barred from changing his theory of liability at this late stage of litigation. Nonetheless, Winn-Dixie argues that even if the Court would consider Sonier's negligence allegation, such an allegation fails as Winn-Dixie is protected by the Louisiana's Merchant Statute. La. R.S. 92800.6. [3]

### A. ADA Claims

According to the proper legal standard, because the nonmoving party—Sonier—bears the burden of proof for the dispositive issue—proving an ADA violation has occurred—the moving party—Defendants—can satisfy their burden by showing that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's—Sonier's—claim. The Court finds that Defendants have satisfied this standard by showing that there is no genuine issue as to the fact that an ADA violation did not cause Sonier's fall or injuries.

The Court finds it unclear as to the precise ADA violation that Sonier seeks to bring. Sonier's complaint provides that his fall was caused by three possible acts on the part of Defendants. (Rec. Doc. 1-1, p. 2, ¶ IV). Two of the three acts allege that Sonier's fall was caused by an ADA violation. First, Sonier alleges that his fall was caused by Defendants' failure to provide a handicapped scooter that would fit into the handicapped restroom stall. *Id.* Second, Sonier alleges that his fall was caused by Defendants' failure to make the handicapped restroom stall readily accessible to and usable by persons with disabilities. *Id.* Sonier brings identical claims for violations of La. R.S. 40:1732 *et seq.*, Louisiana's version of the ADA.

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or

---

[3] When using the term "Defendants," the Court is referring to Winn-Dixie and H & L collectively as H & L also seeks to dismiss the claims brought against it via Winn-Dixie's motion. However, it is clear to the Court that any potential negligence action would be against Winn-Dixie only. Therefore, when analyzing the potential negligence claim, the Court will refer only to Winn-Dixie.

accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. A plaintiff asserting a private cause of action for violations of the ADA may recover compensatory damages only in cases of intentional discrimination. *Guardians Ass'n v. Civil Serv. Comm'n of City of New York*, 463 U.S. 582, 607 n. 27 (1983).

The Court is unable to find any allegations of intentional discrimination in any of Sonier's pleadings. While Sonier's pleadings focus on ADA requirements concerning handicapped accessible restroom stalls and handicapped motorized scooters, Sonier fails to provide the Court with any evidence showing intentional discrimination so that an award of compensatory damages would be warranted. Moreover, the Court finds it unnecessary to even reach the question of whether a showing of intentional discrimination occurred on the part of Defendants. Rather, Sonier has failed to present a genuine issue as to whether any alleged ADA violation caused Sonier's fall or injuries.

Clearly, the alleged ADA violations did not cause Sonier's fall. Sonier himself admits such. In his initial complaint, Sonier states that the "sole and proximate cause of this accident and plaintiff's injuries and damages was the negligence and fault" of the Defendants for "failing to provide a handicapped scooter that would fit into the handicapped bathroom stall" and "failing to make the handicapped bathroom stall readily accessible to and usable by persons with disabilities." (Rec. Doc. 1-1, p. 2, ¶ IV). Sonier's own admissions undermine these allegations.

As Plaintiff, Sonier has the burden of proof to show that his injuries were caused by Defendants' violations of the ADA. Sonier cannot satisfy the burden of showing the causation element—*i.e.*, that Defendants' failure to comply with the ADA was both a legal cause and cause-in-fact of the accident at issue. Sonier's own testimony clearly shows that he drove the motorized

scooter into the restroom and into the handicapped stall.  Whether the restroom, stall, or motorized scooter met the applicable standards set out in the ADA is irrelevant as any possible violations did not cause Sonier's fall.

In his opposition to Defendants' Motion for Summary Judgment, Sonier focuses on Defendants' expert reports that discuss the necessity of retroactive compliance for the Winn-Dixie restroom in question.  However, nowhere in his opposition does Sonier address the causal relationship issue.  Therefore, any duty that was breached by providing non-compliant restroom facilities is irrelevant as Sonier has failed to allege a causal relationship.  Moreover, the overwhelming amount of evidence provided by Defendants shows that neither the motorized scooter nor the width of the handicapped stall door actually caused Sonier's fall in anyway.  In his response to Defendants' statement of uncontested material facts, Sonier admits that he testified driving the scooter through the restroom door at issue without any difficulty.  Deposition transcripts show Sonier repeatedly telling Defendants that he was able to drive the motorized scooter into the restroom, into the stall, and "as far into the bathroom as [he] could and as close to the—to the commode as [he] could."  (Rec. Doc. 53-9, p. 16).

Sonier has not cited any specific ADA guideline in arguing that Defendants violated the ADA.  The pleadings provide no basis for which a fact finder could conclude that any violation of the ADA—*i.e.*, not building a restroom facility that was handicap accessible—caused Sonier's fall and injuries.  Even assuming that Sonier's injuries were caused by the alleged ADA violations, he has failed to discuss the requirement of intentional discrimination by Defendants.  A showing that Defendants intentionally discriminated against Sonier in committing the ADA violations would be necessary to recover compensatory damages via an ADA cause of action.

In light of the foregoing, Sonier cannot meet his burden to show that Defendants' alleged violations of the ADA caused any injury against him. Sonier cannot support a successful claim for damages under the ADA. Accordingly, Sonier's claims for violations of the ADA is dismissed.[4]

### B. Sonier's Negligence Claim

Winn-Dixies first argues that the Court should refrain from considering any possible claims by Sonier that the accident was caused by Winn-Dixie's negligence. Winn-Dixie maintains that the only allegations specifically pleaded by Sonier in his complaint are those based on alleged violations of the ADA and La. R.S. 40:1732 *et seq*. However, Sonier did allege "other acts of negligence which may be proven at trial." (Rec. Doc. 53-1, p. 13). Winn-Dixie argues that such an allegation is insufficient. Despite ample time, Sonier has never sought to amend his complaint to allege the accident was caused by general negligence on the part of Winn-Dixie. Winn-Dixie secondly argues that even if this Court would consider Sonier's general negligence claim, summary judgment should still be granted as Louisiana's Merchant Statute, La. R.S. 9:2800.6, protects Winn-Dixie from liability.

#### 1. Whether the Court will consider Sonier's general negligence theory of liability

Throughout the litigation process, the allegations in Sonier's pleadings have been drastically inconsistent with the testimony given by Sonier when being deposed. Sonier first filed this lawsuit alleging his injuries were caused by being unable to fit his scooter into the men's restroom stall. However, when deposed by Winn-Dixie on September 17, 2017, Sonier's narrative

---

[4] The Court notes that the ADA claim brought against both Winn-Dixie and H & L is dismissed. The analysis of Sonier's negligence claim pertains only to Winn-Dixie. Sonier cannot maintain a negligence claim against H & L as the work performed on the restroom in question by H & L was completed approximately eight months before Sonier's alleged fall. (Rec. Doc. 53-1, p. 2).

clearly identifies a wooden 2 x 4 as the culprit of his fall. *See supra* p. 3. Sonier then changes the focus of his theory of recovery to allege that general negligence on behalf of Winn-Dixie caused his fall. Thereafter, on December 27, 2017, Sonier signed an affidavit stating that the wooden item that caused his fall was the wooden handle of a toilet plunger rather than a 2 x 4.

Pausing to assess Sonier's allegations chronologically, the Court notes Sonier first alleged his accident was caused by an inaccessible handicapped restroom. Sonier then changes his narrative during his September 15, 2017 deposition to allege that a 2 x 4 situated in between his scooter and the commode caused the fall. (Rec. Doc. 53-9). Thereafter, on December 27, 2017—five days after Winn-Dixie filed its Motion for Summary Judgment highlighting Sonier's inconsistencies—Sonier signed an affidavit alleging that "an item such as [the plunger] made of wood obstructed [his] path and caused [him] to fall in the bathroom stall of Winn-Dixie." (Rec. Doc. 65-8, p. 1).

The Court is skeptical of Sonier's affidavit. First, the photograph attached to the affidavit shows the wooden handle of a toilet plunger situated completely behind the commode. The plunger handle is in no way obstructing a path to the commode. Second, the specific photograph in question was taken on June 21, 2017, approximately a year after the July 7, 2016 accident. However, Sonier does provide deposition testimony from Winn-Dixie employees alleging that a plunger may have been in the men's handicapped stall on the date of the accident. Winn-Dixie Store Manager Marlon Hawkins testified that it was "[m]ore probable than not" that a plunger was in the handicapped restroom on the date of the accident. (Rec. Doc. 65-4, p. 2–3). When asked if it was a fact that Winn-Dixie had a plunger on the floor of the men's restroom, another Winn-Dixie employee, Javon Carter stated, "Is that a fact? I can't say that. There isn't a plunger on the floor on a daily basis." (Rec. Doc. 65-5, p. 2). Another Winn-Dixie employee, Terrance Fortune,

testified that he believed a plunger was always kept in the stall. (Rec. Doc. 65-6, p. 2). If Sonier wanted to succeed on his plunger theory at trial, he would have to show that it was more probable than not the plunger was located in the handicapped stall on the day of the accident. Thereafter, Sonier would still have to show that it is more probable than not the plunger actually caused his fall.

The third reason the Court is skeptical about Sonier's affidavit is the most troublesome. After submitting the December 27, 2017 affidavit in question, Sonier was again deposed by Winn-Dixie on January 8, 2018. (Rec. Doc. 80-1). When presented with the affidavit and asked how he came to sign the affidavit, Sonier stated, "I don't remember this at all." *Id.* at p. 8. When asked if he recalled signing the affidavit, Sonier stated, "No, sir, I don't. And I don't even remember the date that was in December of this past year, right? Yeah." *Id.* Sonier was then asked why he signed the affidavit, whereby he stated, "I thought it was the thing I should do." *Id.*

The Court is not convinced the affidavit is credible. Sonier himself has unequivocally maintained that it was a 2 x 4 and not a plunger that caused his fall. When deposed on January 8, 2018, in response to his affidavit, Sonier states, "I guess, wood, obstructed my path, but I still maintain it was a two-by-four." *Id.* at p. 7. The following inquiry makes Sonier's position clear:

> Q: Mr. Sonier, first of all, you still say as we sit here today on January 8 that it was a two-by-four and not a plunger, correct?
> A: Yes.

*Id.*

In response to Sonier's maze of allegations, Winn-Dixie first argues the Court should refrain from even considering Sonier's general negligence claim. Winn-Dixie notes that the only allegations specifically pleaded by Sonier are those based on alleged violations of the ADA or La. R.S. 40:1732 *et seq.* Sonier also alleged "other acts of negligence which may be proven at trial,"

13

which Winn-Dixie argues is insufficient. (Rec. Doc. 53-1, p. 13). Winn-Dixie notes that Sonier has had ample time to amend his complaint to allege a new theory of liability. *Id.*

The Court agrees. Winn-Dixie notes that the Court's potential consideration of Sonier's new theory of liability would be prejudicial as expert deadlines have passed and Winn-Dixie has filed the instant Motion for Summary Judgment. In response, Sonier contends that Winn-Dixie has been on notice of his general negligence claim via Sonier's answers to interrogatories, his deposition testimony, and the photograph of the handicapped stall. (Rec. Doc. 65, p. 1). The Court is reluctant to consider Sonier's general negligence theory of recovery at this late stage in the litigation. However, in addressing this issue, the Court finds that Winn-Dixie is still entitled to summary judgment even when considering Sonier's new allegation that either a 2 x 4 or a plunger handle caused his fall.

### 2. Whether Winn-Dixie is protected by Louisiana's Merchant Statute

The Court will not consider Sonier's December 27, 2017 affidavit in determining whether Winn-Dixie is protected from Sonier's negligence claim. The Court concurs with the established Louisiana state court precedent that holds, "[a]n inconsistent affidavit offered only after the motion for summary judgment was filed is not sufficient to create a genuine issue of material fact where no justification for the inconsistency is offered." *George v. Dover Elevator Co.*, 2002-0821, p. 4 (La. App. 4 Cir. 9/25/02), 828 So.2d 1194, 1197 (citing *Douglas v. Hillhaven Rest Home, Inc.*, 97-0596 (La. App. 1 Cir. 4/8/98), 709 So.2d 1079, 1083; *McLaughlin v. French Riviera Health Spa, Inc.*, 99-546 (La. App. 5 Cir. 10/26/99), 747 So.2d 652; *LeBlanc v. Dynamic Offshore Contractors, Inc.*, 626 So.2d 16 (La. App. 1 Cir. 1993)). The Court is unwilling to consider statements from an affidavit when Sonier makes it evident he disagrees with the affidavit's statements in two separate

depositions. Further, counsel for Winn-Dixie took one of those depositions after Sonier signed the affidavit. The Court is also unwilling to consider an affidavit that Sonier does not recall signing.

Sonier is seemingly convinced that a 2 x 4 caused (or at least facilitated) his fall. In response, Winn-Dixie argues that Louisiana's Merchant Statute, La. R.S. 9:2800.6, protects Winn-Dixie from any liability in this instance. Louisiana Revised Statute 9:2800.6 provides, in relevant part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving in addition to all other elements of his cause of action, all of the following:
>
>> 1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>>
>> 2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>>
>> 3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6.

Applying the facts from the instant matter to this applicable law, Sonier has made little to no effort to satisfy his burden of proof in alleging any of the requirements above. The Court finds that Sonier has failed to provide positive evidence creating a genuine issue as to the fact that there was no 2 x 4 in the handicapped stall on the date of the incident. Even more evident is the Court's

finding that there is no genuine issue as to the fact that Winn-Dixie had neither actual nor constructive notice of any 2 x 4 in the handicapped stall on the date of the accident.

Sonier's account of the incident is plagued with suspicious allegations. First, Sonier described a construction worker who mysteriously comes through a hole in the wall of the restroom to remove the 2 x 4 immediately after Sonier's fall. Sonier states, "I seem to vividly remember [a] man coming through the hole [in the restroom wall] and getting the two-by-four and removing it through the hole to the other side of the wall." (Rec. Doc. 80-1, p. 7).[5]

In *Anderson v. Liberty Lobby, Inc.*, the Supreme Court provided guidance to lower courts in weighing the evidence presented in light of a motion for summary judgment. 477 U.S. 242 (1986). In assessing whether a "genuine issue as to material fact" exists, the *Anderson* Court held that an issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248 (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253 (1968)). In the case at hand, no reasonable jury could return a verdict for the nonmoving party—Sonier. Sonier's allegation that a man came through a hole in the wall of the restroom to remove a 2 x 4 does not pass the "reasonable" test.

Winn-Dixie presents evidence that overwhelmingly shows there was no construction taking place on the date of Sonier's accident. Additionally, Winn-Dixie presents deposition testimony from several Winn-Dixie employees working on the day of Sonier's accident whose accounts of the incident are directly contrary to those of Sonier. According to Terrrence Fortune, a Winn-Dixie employee, Sonier was not in the stall, but rather lying on the floor in the middle of

---

[5] Sonier's contention that an unidentified construction worker removed the 2 x 4 further evidences Sonier's belief that a 2 x 4 caused the fall rather than a plunger. Responding to Winn-Dixie's deposition question asking whether Sonier tripped over the 2 x 4, Sonier replies, "I don't remember. I tried to avoid the two-by-four and the man who was doing the construction realized that it should not have been there and it was an issue and he quickly removed it." (Rec. Doc. 53-9, p. 17). If the wooden item causing Sonier's fall was the wooden handle of a plunger, then the construction worker would have no reason to quickly remove the plunger after Sonier's fall, as a plunger is not a device typically used by a construction worker.

the restroom near the urinal. (Rec. Doc. 53-1, p. 17). Fortune maintained that Sonier was not in the handicapped stall and the scooter was not in the restroom. *Id.* Another Winn-Dixie employee, Javon Carter, stated that he and Fortune retrieved the scooter from outside of the restroom and brought it inside so that they could get Sonier situated on the scooter. *Id.* Thereafter, two Winn-Dixie managers, Nellie Mack and Marlin Hawkins, arrived on the scene and saw that Sonier was lying in the middle of the restroom floor, rather than in the handicapped stall. *Id.* at pp. 17–18.

Additionally, neither Fortune, Carter, nor Hawkins saw anything on the floor which may have caused Sonier's fall. Moreover, according to Fortune's deposition testimony, Sonier told Fortune that his leg gave out causing the fall. *Id.* at 18. According to Carter's deposition, Sonier told Carter his foot gave out causing the fall. *Id.* According to Hawkins, Sonier said that he lost his balance and fell. *Id.* According to Winn-Dixie, none of the employees were aware of any 2 x 4 on the floor at the time. *Id.* Considering the overwhelming evidence presented by Winn-Dixie in comparison to the suspect allegations of Sonier, the Court is not convinced there was a 2 x 4 in the men's restroom on the date of the incident.

Moreover, Winn-Dixie has successfully shown that there is an absence of factual support for the "notice" element of Sonier's cause of action under La. R.S. 9:2800.9. Sonier has failed to satisfy the constructive or actual notice requirement of the statute by showing the alleged 2 x 4 was on the floor for some period of time before his fall. In support, Winn-Dixie cites to the Louisiana Supreme Court's decision in *Babin v. Winn-Dixie* in which a plaintiff brought suit against Winn-Dixie for injuries sustained when the plaintiff allegedly slipped on several plastic toothpick boxes. 00-0078 (La. 6/30/00); 764 So.2d 37. In *Babin*, the plaintiff was unable to satisfy the constructive notice requirement of the statute by showing the toothpick boxes were on the floor of the store for some time prior to his alleged fall. In that case, defendant Winn-Dixie produced

the affidavit of its employee who stated that she inspected the aisle ten minutes prior to plaintiff's fall and did not observe any toothpick boxes on the floor. *Id.* at 40. At that point, the burden shifted to the plaintiff to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden at trial. The Supreme Court found Plaintiff could not because he was unable to produce any factual support for his contention that the toothpick boxes were on the floor for a period of time before his fall. *Id.*

The facts of this case are analogous. Winn-Dixie presents ample evidence that no one in the Winn-Dixie store on the date of the accident saw a 2 x 4 in the men's handicapped restroom stall. (Rec. Doc. 53-1, pp. 14–18). In response, Sonier has not presented any evidence to establish his positive burden of showing notice. The Court concludes that the applicable law combined with the evidence presented by the parties mandates summary judgment be granted in this instance.

## V. Conclusion

For the foregoing reasons provided, the Court holds that the **Motion for Summary Judgment (Rec. Doc. 53) is GRANTED.** Although the Court sympathizes with the Plaintiff for injuries sustained, the injuries were not caused by violations of the ADA or by an act of negligence.

Accordingly;

IT IS ORDERED that the **Motion for Summary Judgment (Rec. Doc. 53) is GRANTED**;

IT IS FURTHER ORDERED that Plaintiff Louis Sonier's claims against Winn-Dixie Montgomery, LLC and H & L Construction and Renovations, Inc. are **DISMISSED WITH PREJUDICE.**

February 16, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE